E-FILED
Friday, 19 January, 2007   04:08:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

BRAD LIEBERMAN,

  Plaintiff,

v.               06-CV-3165

ROGER WALKER et al.,

  Defendants.

## Case Management Order

  A status hearing was held January 18, 2007, by telephone conference. The plaintiff appeared *pro se*. Attorney James Vlahakis appeared on behalf of Dr. Proctor. None of the waivers of service have been returned for the other defendants.

  *Service*

  The court is required to direct service of process when a plaintiff is granted leave to proceed *in forma pauperis*. Fed. R. Civ. P. 4(c); *Graham v. Satkoski*, 51 F.3d 710, 712 (7th Cir. 1995)("The Marshals service is required to serve process on behalf of individuals proceeding *in forma pauperis*."); *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996)("An inmate proceeding in forma pauperis . . . may rely on the Marshals Service to serve process. . .The Marshals Service's failure to complete service, once furnished with the necessary identifying information, is automatically "good cause" requiring an extension of time under Rule 4(m). . . . ."); *Sellers v. U.S.*, 902 F.2d 598, 602 (7th Cir. 1990). Under this precedent, the duty of the court to direct service and the duty of the appointed server to accomplish service through reasonable efforts is not discretionary. In cases like this, then, service is inevitable (particularly for the defendants currently working at Rushville or DHS). The only question is how long that service will take and how much it will cost.

  Fed. R. Civ. P. 4(e)(2) provides that service may be had "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized . . . to receive process."

  However, the defendants "have a duty to avoid unnecessary costs of serving the summons." Fed. R. Civ. P. 4(d)(2). If a defendant fails to comply with a request to waive service, "the court shall impose the costs subsequently incurred in effecting service on the

1

defendant unless good cause for the failure be shown." Fed. R. Civ. P. 4(d)(G).

If personal service becomes necessary in this case, the Court is not aware of any agent authorized to accept service on behalf of these defendants, nor does it seem efficient to send a personal server to the facility in Rushville,[1] since it is not clear at this point if a defendant will be present and available for personal service when the server arrives. Service at a defendant's abode may be the surest method to ensure that the costs of personal service can be recouped under Rule 4.[2]

Cases filed *pro se* from Rushville Detention and Treatment Facility present analogous security and logistical challenges as cases filed *pro se* from prison. In prisoner *pro se* cases, this court has tried to avoid the expense and intrusion of personal service, at least on current employees, by mailing the waivers to a designated person chosen by the prison. The designated person then obtains the signatures and returns the waivers to the court. If a defendant no longer works at the facility, the designated person informs the clerk of this and provides a forwarding address (which is not disclosed by the court). This approach minimizes security concerns (the fewer cases requiring personal service at home addresses the better) and avoids the unnecessary time, expense and case protraction that personal service entails.

IT IS THEREFORE ORDERED:

1) The clerk is directed to prepare a notice and waiver of service for each defendant in this case who has not appeared, except for Defendant Dr. Chankin. Each notice and request shall be addressed directly to the defendant at the address given by the plaintiff.

2) The clerk is directed to mail (first-class) separately to each defendant: two copies of the notice and request for waiver; a copy of the complaint; and a prepaid envelope addressed to the court.

3) A status conference is scheduled for March 1, 2007 at 1:30 p.m. by telephone conference, for further discussion of service on the defendants who have not appeared, including Dr. Chankin. The conference will be cancelled if all the defendants have appeared or returned signed waivers. After the service issues and pending motion to dismiss have been resolved, the court will enter a case management order setting discovery and dispositive motion deadlines, if necessary.

---

[1] About 60 miles from Springfield.

[2] The defendants' home addresses will not be held in the file for security reasons. *See Graham v. Satkoski*, 51 F.3d at 712 ("Prison guards do not want prisoners to have their home addresses . . .").

2

4) By February 5, 2007, Defendant Proctor is directed to file his Answer.

Entered this 19th Day of January, 2007.

                **s\Harold A. Baker**
                HAROLD A. BAKER
              UNITED STATES DISTRICT JUDGE